ELLIS GEORGE LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@ellisgeorge.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Starship LLC
dba Rockstar Original

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Starship LLC dba ROCKSTAR ORIGINAL,<br><br>              Plaintiff,<br><br>       vs.<br><br>SHEIN DISTRIBUTION CORP.; ROADGET BUSINESS PTE. LTD; SHEIN TECHNOLOGY LLC; SHEIN US SERVICES LLC; AND DOES 1-10,<br><br>              Defendants. | **COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT AND COUNTERFEITING [15 U.S.C. § 1117];**<br><br>**(2) COPYRIGHT INFRINGEMENT [[17 U.S.C. §§101, et seq.];**<br><br>**(3) FALSE DESIGNATION OF ORIGIN;**<br><br>**(4) COMMON LAW UNFAIR COMPETITION;**<br><br>**(5) CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br><br>**(6) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br><br>**(7) VICARIOUS TRADEMARK INFRINGEMENT;**<br><br>**(8) VICARIOUS COPYRIGHT INFRINGEMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

3072427.1

Plaintiff Starship LLC dba Rockstar Original ("Plaintiff" or "Rockstar"), as and for its complaint against defendants Shein Distribution Corp., Roadget Business Pte., Ltd., Shein Technology LLC, Shein US Services, LLC and Does 1-10, alleges as follows:

## INTRODUCTION

1.     Shein claims that it has become one of the world's most successful online shopping sites "by designing products that consumers love and can afford, and by selling these products on an efficient and consumer-friendly website and mobile application."[1]  When it comes to product design, Shein claims that it uses a "data-driven approach" and an "on-demand production model."[2]   This, according to Shein, enables it "to quickly identify emerging trends and provide offerings that resonate immediately with its customer base . . . ."[3]

2.     What Shein really means by "data-driven approach" and providing "offerings that resonate immediately" is that it finds popular designs from popular designers and slavishly copies them, without regard to minor impediments such as intellectual property laws.  Indeed, with billions in revenue pouring in each year, IP theft is simply a cost of doing business for Shein.

3.     This case exhibits the extents to which Shein will go to profit off the goodwill of an unique and authentic brand.

4.     Rockstar is an ecommerce brand focused on urban streetwear that is popular among Gen Z and Millennials.  Rockstar's lines of clothing feature unique, handcrafted designs made to stand out and reflect current trends in the hip hop, grunge, and rockstar cultures.  Rockstar markets and sells original products via unique, recognizable branding.

---

[1]     *Roadget Business Pte. Ltd. v. PDD Holdings Inc., et al.*, U.S. District Court for the District of Columbia, Dkt. 1 at ¶1.

[2]     *Id.* at ¶2.

[3]     *Id.*

1        5.      Below are examples of designs from the Rockstar website and/or social

2  media and the same designs from the Temu website.  This comparison demonstrates

3  Shein's use of the same designs popularized by Rockstar – designs which

4  incorporate Rockstar's intellectual property.

5              **Rockstar**                                    **Shein**

  

  

  

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Rockstar**                    **Shein**







1
2
3
4
5
6
7
8
9
10
11




12
13
14
15
16
17
18
19
20
21
22




23

**Parties**

24          6.      Plaintiff is a limited liability company organized and existing under the

25   laws of California with its principal place of business in this County.  Plaintiff does

26   business under the name Rockstar Original and owns an online store,

27   www.rockstaroriginal.com (the "On-Line Store").   Rockstar is the owner of the

28   copyrights, trademarks, and other intellectual property at issue herein.

7.      Rockstar is informed and believes, and on that basis alleges, that defendant Shein Distribution Corp. ("Shein Distribution") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in this County, and is registered to do business and does business within the State of California.  Shein Distribution is a United States operating company of a China-based global conglomerate that conducts substantial business in the State of California, within this County, and throughout the United States.

8.      Rockstar is informed and believes, and on that basis alleges, that defendant Roadget Business Pte., Ltd. ("Roadget"), individually and doing business as "Shein", is a private limited liability company organized and existing under the laws of Singapore with its principal place of business located in Singapore, and is doing business within the State of California.  Roadget owns the website us.shein.com and the corresponding mobile application.  Among other things, Roadget has the responsibility for developing new products for sale in the United States, including by identifying consumer trends and designing products sold in the United States.

9.      Rockstar is informed and believes, and on that basis alleges, that defendant Shein Technology LLC ("Shein Technology") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in this County, and is registered to do business and does business within the State of California.  Among other things, Shein Technology identifies itself as a U.S. technology company that supports Shein Distribution's sale of Shein products in the United States.

10.      Rockstar is informed and believes, and on that basis alleges, that Defendant Shein US Services, LLC ("Shien US") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in this County.  Shein US identifies itself as a services provider that supports Shein Distribution's sale of Shein products in the United States.

11.    Together, Shein Distribution, Roadget, Shein Technology, and Shein US are referred to as "Shein."

12.    Rockstar is unaware of the true names and capacities of defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and on that basis alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Rockstar therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.  Shein and the Does are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

13.    This Court has original jurisdiction of this action under 28 U.S.C. sections 1331 and 1338 in that the claims herein arise under federal copyright laws, 17 U.S.C. section 101 *et seq.*

14.    Venue in this district is proper under 28 U.S.C. section 1391 because Shein is subject to personal jurisdiction here and Rockstar has suffered injury here.

15.    This Court has personal jurisdiction over Shein.  Shein has offices in this County and regularly markets and sells goods, including the goods in this case, to customers in California and specifically this County, through its website, https://us.shein.com/ and through its applications which are available on the App Store and Google Play.  On information and belief, Shein also regularly has pop-up stores to sell its merchandise within California and this County.[4]

## GENERAL ALLEGATIONS

**A.    The Rockstar Original Brand Is Unique and Popular**

16.    The Rockstar Original brand is an ecommerce brand whose products

---

[4]    *See* https://www.averagesocialite.com/la-events/2025/3/28/shein-pop-up-store-la and https://m.shein.com/us/campaigns/santa_monica_pop?lang=asia&ref=m&rep=dir&ret=mus

are primarily marketed and sold online. Rockstar was founded in Los Angeles by two brothers in 2008 and became popular for its lines of denim jeans and tracksuits in 2014. Rockstar has since expanded its catalog to urban street wear, mainly marketed towards young people, with Gen Z and Millennials making up a majority of its clientele. Rockstar's popularity is based on its authenticity as a local Los Angeles brand that provides trendy, hand crafted designs to its customer base of over a million customers. Rockstar's brand is defined by its "OG" [original] status in urban streetwear and its inspiration from hip-hop, grunge, and rockstar culture that combine to create a unique and identifiable brand centered in its bold images and creative features.

17.     Rockstar has been featured in fashion and lifestyle publications including Voyage LA, California Apparel News, and Fashion Week Online.

18.     Rockstar promotes itself online including its On-Line Store, Instagram, Tik Tok, Facebook, X, and via its fashion blog.. Rockstar's Instagram account has over a million followers and its Tik Tok account has over 200,000 followers.

### B.     Plaintiff Owns Valuable Intellectual Property

19.     Rockstar's designs are valuable intellectual property. To help protect its intellectual property, Rockstar has sought to obtain and/or obtained copyright and trademark registrations with the United States Copyright Office and the United States Patent and Trademark Office ("USPTO").

20.     Among the aforementioned intellectual property is the "Fire Skull" design, Copyright Registration No. VA 2-412-449, registered with the Copyright Office effective September 12, 2024 (the "Copyright"). A copy of this copyright registration is attached hereto as Exhibit A and incorporated herein by this reference.

21.     The Fire Skull design has been used on multiple Rockstar products such as Smitty Charcoal Graphic T-Shirt that are sold *inter alia,* on the Rockstar Original On-Line store. The Fire Skull Design is depicted below:

1
2
3
4
5
6
7
8
9
10



11    22.    The Fire Skull Design as used on Rockstar's Smitty Charcoal Graphic

12  T-Shirt is depicted below:

13
14
15
16
17
18
19
20
21
22
23
24
25

26    23.    Rockstar is also the owner of USPTO Registration No. 5813718 for the

27  trademark "ROCKSTAR ORIGINAL" in Class 25 in the apparel category (the

28  "Trademark").

24.    The trademarked term "Rockstar Original" appears on nearly all of Rockstar's products as part of the unique design of the product and is a key, recognizable part of the brand's image.

25.    Rockstar's fashion designs using its intellectual property and are unique, original designs that consumers recognize as originating from Rockstar.

26.    Rockstar promotes and markets its unique and original products using photographs on the On-Line Store and on social media. The photographs above show Rockstar's unique designs.

**C.    Shein Deliberately Infringes Upon Plaintiff's Intellectual Property Rights**

27.    Shein is an e-commerce colossus which sells, among other things, fast fashion through its website and app.  It serves customers in 160 plus countries including the United States, with offices in the United States, including Los Angeles.[5]  Its website represents that the Shein application (the "App") is "one of the most downloaded apps in the U.S. and in the world" and states the App "is the primary way customers can explore all SHEIN has to offer."[6]  Shein has a vast online presence – tens of millions of monthly active customers, over 250 million social media followers, and over 500 million App downloads.[7]

28.    Shein caters to the same customer base as Rockstar through social media.  Its goal is to bring consumers designer trends at low prices and at lightning speeds.  One analyst has stated that "Shein only takes 14 days from product design, printing, and listing, and only 7 days from production and delivery to consumers

---

[5]    Shein at a Glance, https://www.sheingroup.com/about-us/shein-at-a-glance/ (last visited Oct. 10, 2025).

[6]    *Id.*

[7]    Shein Home Page, https://seller-us.shein.com/homepage (last visited Oct. 10, 2025)

after listing."[8]  To identify trends, it uses data available from the internet and social media and then creates products.[9]  Shein produces small initial batches of 100 to 200 items, evaluates customer feedback in real time, and then restocks on demand.[10]

29.    In doing so, Shein has a history of disregarding others' intellectual property rights and generating exact copies of designers' art and works that are trending on social media and the Internet.  Indeed, Shein has faced lawsuits for blatantly copying copyrighted and trademarked works brought by such companies as Dr. Marten's, Ralph Lauren, Victoria's Secret, Uniqlo, and H&M, as well as independent artists.  Shein has also faced lawsuits from its main competitor, Temu. Shein's business model is based on its exploitation of others' intellectual property rights to dominate the fast fashion industry.[11]

30.    In 2023, Shein officially launched a global "Shein Marketplace" that includes third party sellers' products alongside the Shein-branded products so other brands and sellers can reach and profit from Shein's vast customer base.[12]

31.    Shein facilitates the marketing, advertising, processing, and shipping of these third party sellers' products.  Shein touts the Marketplace to potential sellers as an opportunity to "Bring your brand to the future of retail . . . Sell more, save more,

---

[8]    Jonathan Xu, *The Enigma of SHEIN: Unraveling the Success of the Mysterious Online Retailer*, Shanghai BenCham (July 17, 2023), https://shanghai.bencham.org/news/enigma-shein-unraveling-success-mysterious-online-retailer.

[9]    *Id.*

[10]    SHIEN Our On Demand Business Model, https://www.sheingroup.com/our-business/our-business-model/ (last visited Oct. 10, 2025)

[11]    Wang IP Law Group P.C., *Shein Faces $100 Million Lawsuit for Copyright Infringement*, Wang Intellectual Property APC (Jul. 10, 2022), https://www.thewangiplaw.com/blog/2022/07/shein-faces-100-million-lawsuit-for-copyright-infringement/.

[12]    https://www.sheingroup.com/about-us/shein-at-a-glance/, *Supra*

and reach millions of new fans."[13]  It permits sellers to "[e]xperience SHEIN'S accelerated growth incentives, such as no monthly fees and free marketing opportunities"[14] and helps develop and support sellers with services including inventory and order management, customer service, seller education hubs, professional onboarding, dedicated account managers, and advertising.[15]  Shein assures sellers, "We're with you every step of the way."[16]

32.    Shein charges Marketplace sellers, after the first commission-free 30 days, a fixed 10% of all sales.[17]

33.    Just as Shein's business model is based on, incorporates, and profits from copying others' designs, the expansion of Shein's Marketplace has had expected consequences – the Marketplace is littered with gray market goods.[18]

34.    Plaintiff is informed and believes, and on that basis alleges, that Shein, having recognized the consumer awareness and goodwill associated with the Copyright, Trademark, and Rockstar fashion designs, conspired to usurp that

---

[13]    https://seller-us.shein.com/homepage, *Supra*

[14]    *Id.*

[15]    Shein Join Marketplace, https://seller-us.shein.com/pricing-product-categories (last visited Oct. 10, 2025).

[16]    https://seller-us.shein.com/homepage, *supra*.

[17]    Peiyue Wu and Daniela Dib, *How Shein and Tik Tok Shop are Trying to Shake the 'Made in China' Reputation*, Rest of World (Nov. 14, 2023), https://restofworld.org/2023/china-shopping-shein-tiktok-shop-global-sellers/; Muhammed Al-Refai *What you Need to Know About Selling on Shein Marketplace*, Feedonomics (Aug 7, 2024), https://feedonomics.com/blog/what-you-need-to-know-about-selling-on-shein-marketplace/.

[18]    Julia Waldow, *Shein's Marketplace is Littered with Gray-Market Products from Top Brands Like Hoka*, The Marketplace Boom (Jan. 24, 2024), https://www.modernretail.co/technology/sheins-marketplace-is-littered-with-gray-market-products-from-top-brands-like-hoka/#:~:text=Shein's%20headway%20with%20brands,on%20Shein%20Marketplace%2C%20Lau%20said.

1  goodwill for themselves by designing, manufacturing, marketing and/or selling,

2  without the permission or knowledge of Rockstar, Rockstar's  Copyrighted design,

3  Trademark, and imitations of Plaintiff's fashion.

4          35.     Plaintiff is informed and believes, and on that basis alleges, that Shein

5  is also advertising, marketing, creating, offering for sale, selling, distributing, and/or

6  profiting from counterfeit Rockstar products, whether from its own sale of

7  counterfeit products or from the sale of third party sellers of counterfeit Rockstar

8  products.

9          36.     On information and belief, Defendants have advertised, manufactured

10  and/or distributed the infringing products to consumers.  On information and belief,

11  the infringing products are marketed and sold at prices below those charged for

12  Rockstar products.

13          37.     Plaintiff is also informed and believes, and on that basis alleges, that

14  Defendants knew that their products resemble the Rockstar's products so closely

15  that consumers are likely to be, and in fact have been, confused as to the source of

16  the infringing products.  Plaintiff is informed and believes, and on that basis alleges,

17  that this resemblance is precisely the reason why Defendants market and sell the

18  infringing products. For example:

19                          **Rockstar**                          **Shein**





28          38.     Rockstar has sent numerous sent takedown requests to Shein.

1  Although Shein purported to take down the products from its website, Defendants
2  continue to use, or continue to permit their sellers to use, Rockstar's Copyright,
3  Trademark, and original designs.  The search function on the Shein Website is
4  configured so that a search for "Rockstar Original" will result in those goods.  For
5  example:

**Rockstar Original On-Line Store:**



**Shein On-Line Store:**



39.    Plaintiff is informed and believes, and thereon alleges, that Defendants

have received a direct financial benefit from marketing and selling products incorporating Rockstar's Trademark, Copyright, and designs, in an amount that is unknown to Bastiat.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendants' marketing, sale, and distribution of the infringing products and use of its Copyright and Trademark has caused Rockstar to lose sales and profits.

41.    Defendants' acts have caused, and will continue to cause, irreparable harm and injury to Rockstar for which Rockstar has no adequate remedy at law. Accordingly, Defendants should be enjoined and restrained from directly or indirectly manufacturing, distributing, importing, exporting, advertising, offering for sale, or selling any product that copies Rockstar's intellectual property.  Pursuant to 17 U.S.C. Section 502, Rockstar is therefore entitled to a preliminary and permanent injunction against Defendants' continuing acts of infringement.  Rockstar is further entitled to an order impounding and destroying all infringing product in Defendants' possession, custody or control.

## FIRST CLAIM FOR RELIEF

### (Against Defendants for Trademark Infringement and Counterfeiting)

42.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

43.    Plaintiff is the owner of the registered trademark "Rockstar Original."

44.    The "Rockstar Original" trademark is a valid, protectable mark.

45.    Defendants are advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the "Rockstar Original" trademark or nearly identical variations thereof.

46.    Defendants' use of the "Rockstar Original" trademark is likely to cause confusion among ordinary purchasers as to the source of the goods.

47.    Plaintiff never consented to Defendants' use of its trademark.

48.    Defendants infringed upon the "Rockstar Original" trademark and

engaged in trademark counterfeiting willfully.

49.    As a proximate result of the unfair advantage accruing to Defendants from using confusingly similar marks and deceptively trading on Plaintiff's goodwill, Defendants have made substantial sales and profits in amounts to be established according to proof.

50.    As a proximate result of the unfair advantage accruing to Defendants from using similar or quasi-similar marks and deceptively trading on Plaintiff's goodwill, Plaintiff has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

51.    Unless restrained by the Court, Defendants will continue to infringe the trademarks.  Pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademarks and brand.  In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants and their purported goods.

52.    Defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled to recover three times its actual damages or three times Defendants' profits, whichever is greater, together with its attorneys' fees.  Plaintiff is also entitled to statutory damages of $2 million per registered mark.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendants' possession.

## SECOND CLAIM FOR RELIEF

### (Against Defendants for Copyright Infringement)

53.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

54.     Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and privileges in and to the Copyright.

55.     Defendants had access to Plaintiff's Fire Skull Copyright as established by, among other things, the popularity of Plaintiff's products incorporating the Copyright, such products being widely available on Plaintiff's On-Line Store, and the fact that Defendants' infringing products are strikingly similar in design, if not identical, to Plaintiff's Copyright, and the fact the Defendants incorporate Plaintiff's trade name and Trademark, Rockstar Original, in the design.

56.     Defendants infringed the Fire Skull design by incorporating, or permitting others to incorporate, a substantially similar design into its products, which are also substantially similar to Plaintiff's product designs, and are marketed and sold to consumers and/or retailers, without Plaintiff's permission.

57.     Defendants infringed the Copyrights willfully.

58.     Plaintiff is entitled to actual damages and Defendants' profits, whichever is higher, but in an amount no less than $1 million.

59.     Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court.  Plaintiff has no adequate remedy at law.  Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

## THIRD CLAIM FOR RELIEF

### (Against Defendants for False Designation of Origin [15 U.S.C. §1125])

60.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

61.     Plaintiff's Trademark "Rockstar Original" is inherently distinctive and has also acquired secondary meaning through extensive promotion and sales,

1  unsolicited press, and work of mouth.

2      62.    Defendants are advertising, marketing, creating, displaying, offering for

3  sale, selling, distributing, and profiting from products incorporating Plaintiff's

4  Trademark or nearly identical variations thereof, on products also incorporating

5  Plaintiff's unique designs.

6      63.    Defendants' use of Plaintiff's Trademark is likely to cause confusion

7  among ordinary purchasers as to the source of the goods.

8      64.    Plaintiff has never consented to Defendants' use of the "Rockstar

9  Original" trademark.

10      65.    Plaintiff  authentic fashion designs depicted on the Shein Website were

11  different from, and superior to, the goods Defendants were prepared to deliver, and

12  did actually deliver, to consumers.

13      66.    Defendants infringed upon Plaintiff's Trademark willfully.

14      67.    As a proximate result of the unfair advantage accruing to Defendants

15  from using similar or quasi-similar marks and deceptively trading on Plaintiff's

16  goodwill, Defendants have made substantial sales and profits in amounts to be

17  established according to proof.

18      68.    As a proximate result of the unfair advantage accruing to Defendants

19  from using confusingly similar marks and deceptively trading on Plaintiff's

20  goodwill, Plaintiff is informed and believes, and thereon alleges, that Defendants'

21  false designation of origin has harmed Rockstar, including by diluting Rockstar's

22  brand, harming Rockstar's reputation, and causing Rockstar to lose sales and

23  customers.

24      69.    Unless restrained by the Court, Defendants will continue to infringe

25  Plaintiff's Trademark.  Pecuniary compensation will not afford Plaintiff adequate

26  relief for the damage to its Trademark and brand.  In the absence of injunctive relief,

27  consumers are likely to continue to be mistaken or deceived as to the true source,

28  origin, sponsorship, and affiliation of Defendants and their purported goods.

70.     Plaintiff is informed and believes, and thereon alleges, that Defendants' false designation of origin resulted in Defendants being unjustly enriched, including through sales of the designs, as well as through sales of Defendants' other products being promoted alongside pictures of authentic Rockstar products.

71.     Plaintiff is informed and believes, and thereon alleges, that Defendants' acts were committed with actual notice of Plaintiff's (and/or its assignors') exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Rockstar and its products.  Pursuant to 15 U.S.C. §1117, Plaintiff is therefore entitled to recover three times its actual damages or three times Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees.  In addition, pursuant to 15 U.S.C. §1118, Plaintiff is entitled to an order requiring destruction of all infringing products and promotional materials in Defendants' possession.

## FOURTH CLAIM FOR RELIEF

### (Against Defendants for Common Law Unfair Competition)

72.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

73.     Plaintiff and Defendants are business competitors.

74.     By using, or permitting others to use, Plaintiff's mark on Defendants' Website to impliedly represent that the product being sold was a genuine Rockstar product, and that a customer who placed an order for the good being depicted would receive a Genuine Rockstar product, Defendants committed unfair competition under the common law of California.

75.     Defendants' acts alleged herein have caused Plaintiff to lose profits and caused additional damage to Plaintiffs; reputation and goodwill.  The precise amount of Plaintiff's damages is presently unknown but will be established according to proof at trial.

76.     Plaintiff is informed and believes, and thereon alleges, that as a direct

and proximate result of Defendants' wrongful conduct as described above, Defendants have gained revenue and profits.

77.    Plaintiff has no adequate remedy at law for the injury that will be caused by Defendants' acts of unfair competition.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctions restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from further engaging in acts of unfair competition against Rockstar and its products.

78.    Plaintiff is informed and believes, and thereon alleges, that Defendants committed the foregoing acts with the intention of depriving Plaintiff of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Plaintiff's (and/or its assignors') rights.  Plaintiff is, therefore, entitled to an award of exemplary damages, according to proof.

## FIFTH CLAIM FOR RELIEF

### (Against Defendants for Contributory Trademark Infringement and Counterfeiting)

79.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

80.    Defendants have been, and continue to be, aware of and contributing to the infringement of the Trademark and the use of counterfeit Rockstar products on their site.  The infringing and counterfeit products are prominently displayed and promoted on Defendants' website.  Defendants' website is configured so that a search for "Rockstar Original," or "Fire Skull," or similar searches will lead directly to the infringing and counterfeit goods.  Defendants facilitate the financial transactions, advertise and promote the products purportedly sold by the marketplace sellers, and provide shipping for the products.  On information and belief, Defendants control which products can be listed and prevent infringing products from being taken down.

81.    Alternatively, Defendants have remained willfully blind to the

infringement and/or counterfeiting of the Trademarks on their website and App and on the products they promote and distribute to the end consumer.

82.     Plaintiff has been damaged by and Defendants have profited from the contributory trademark infringement and counterfeiting.

83.     To remedy Defendants' contributory trademark infringement, Plaintiff is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

### SIXTH CLAIM FOR RELIEF

**(Against Defendants for Contributory**

**Copyright Infringement and Counterfeiting)**

84.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

85.     Defendants, and each of them, have been, and continues to be, aware of and contributing to the infringement of the Copyright on its site.  The Copyright is prominently displayed and promoted on Defendants' Website.  Not only do Defendants create and distribute the infringing goods to the end consumer but also, in the case of the Marketplace sellers, facilitate the marketing and distribution of the goods and the financial transactions.

86.     Alternatively, Defendants have remained willfully blind to the infringement of the Copyrights on the Shein website and on the products they creates and distributes to the end consumer.

87.     Plaintiff has been damaged by and Defendants have profited from Defendants' contributory copyright infringement.

88.     To remedy Defendants' contributory copyright infringement, Plaintiff is entitled to all of the remedies set forth above for direct copyright infringement.

**SEVENTH CLAIM FOR RELIEF**

**(Against Defendants for Vicarious Trademark Infringement and Counterfeiting)**

89.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

90.    Defendants and the sellers who participate in the Shein marketplace and sell the infringing designs are in an apparent or actual partnership, have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing products.  Defendants are thus vicariously liable for the trademark infringement and counterfeiting of the sellers who design and upload the infringing designs onto the Defendants' website.

91.    Plaintiff has been damaged by and Defendants have profited from Defendants' vicarious trademark infringement and counterfeiting.

92.    Plaintiff has been damaged by and Defendants have profited from Defendants' vicarious trademark infringement and counterfeiting.

93.    To remedy Defendants' vicarious trademark infringement and counterfeiting, Plaintiff is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

**EIGHTH CLAIM FOR RELIEF**

**(Against Defendants for Vicarious Copyright Infringement and Counterfeiting)**

94.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

95.    Defendants enjoy a direct financial benefit from the copyright infringement on the Shein Website and app.  Defendants get paid a percentage of every sale of every product displayed on the site.  The availability of the infringing goods also draws customers to the site, which causes Defendants to make money

1  both through the sale of the infringing goods and through the sale of all goods
2  displayed on its site.

3      96.    In addition, Defendants have used, or permitted others to use,
4  Rockstar's advertising material and photographs on the Shein Website to impliedly
5  represent that the product being sold was made by or otherwise associated with
6  Rockstar and that a customer who placed an order for the good being depicted
7  would receive the item being depicted.

8      97.    Defendants have the legal right to stop or limit the copyright
9  infringement on its website and the practical ability to do so.  Defendants have the
10  ability and means to monitor its site for infringing designs and the right to remove
11  them.

12     98.    Plaintiff has been damaged by and Defendants have profited from their
13  vicarious copyright infringement.  To remedy Defendants' vicarious copyright
14  infringement, Plaintiff is entitled to all of the remedies set forth above for direct
15  copyright infringement.

## PRAYER FOR RELIEF

17      WHEREFORE, Plaintiff prays for relief against Defendants as follows:

18      1.    For preliminary and permanent injunctions enjoining and restraining
19  Defendants, their agents, employees, representatives, partners, joint venturers and/or
20  anyone acting on behalf of, or in concert with, Defendants, from:

21          A.    designing, manufacturing, importing, shipping, delivering,
22  selling, marketing, displaying, advertising or promoting any product that
23  incorporates designs substantially similar to the Copyrights;

24          B.    representing or implying, directly or indirectly, to retailers,
25  customers, distributors, licensees, or any other customers or potential customers of
26  Defendants' products that Defendants' products originate with, are sponsored,
27  endorsed, or licensed by, or are otherwise associated or affiliated with Rockstar;

28      2.    For an order requiring the destruction of all of Defendants' infringing

products and all marketing, advertising, or promotional materials depicting Defendants' infringing products;

3. For an accounting of all profits obtained by Defendants from sales of the infringing products and an order that Defendants hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of all profits earned by Defendants from the sale of the infringing product or their false designation of origin and unfair competition;

5. For compensatory damages of no less than $1 million and according to proof;

6. For prejudgment interest on all damages awarded by this Court;

7. For reasonable attorneys' fees and costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.


DATED: November 17, 2025          ELLIS GEORGE LLP
                                  Keith J. Wesley
                                  Lori Sambol Brody



                                  By:    _/s/ Lori Sambol Brody_
                                  Lori Sambol Brody
                                  Attorneys for Plaintiff Starship LLC

1

## __DEMAND FOR JURY TRIAL__

2

Rockstar demands a jury trial for all issues so triable.

3

4

DATED:  November 17, 2025        ELLIS GEORGE LLP

5

Keith J. Wesley
Lori Sambol Brody

6

7

8

By:  _____*/s/ Lori Sambol Brody*_____

9

Lori Sambol Brody
Attorneys for Starship LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28